**Guttilla Murphy Anderson**
**Alisan M. B. Patten** (Ariz. No. 009795)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: apatten@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Dina L. Anderson, the Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Pennies2Platinum Business Solutions Inc.,<br><br>Debtor. | Case No. 2:18-bk-11491-BKM<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO COMPEL TURNOVER BY AMERICAN ARBITRATION ASSOCIATION** |

Dina L. Anderson, Chapter 7 Trustee in the bankruptcy case captioned-above, ("Trustee") respectfully requests an order of this Court pursuant to 11 U.S.C. §§ 541 and 542 or 543 directing and compelling the American Arbitration Association ("AAA") to turn over to the Trustee $22,063.75 in refundable funds on deposit ("Refundable Deposit") that is property of the bankruptcy estate of debtor Pennies2Platinum Business Solutions Inc. dba Pennies 2 Platinum, Inc. ("Bankruptcy Estate"). The Refundable Deposit is required by the Trustee to properly administer the Bankruptcy Estate. The Trustee's motion is based upon the following facts and legal analysis.

### I. FACTS

1. Debtor Pennies2Platinum Business Solutions Inc. dba Pennies 2 Platinum, Inc. ("Debtor") filed a Voluntary Chapter 7 bankruptcy petition on September 20, 2018 ("Petition Date"). (*See* Court Docket Entry "DE" no. 1, p. 1 of 4.)

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

2. In section 7.1 of Debtor's Bankruptcy Schedule A/B, Debtor reported having a "Security deposit with the AAA in the amount of $57,200" with a reported "Unknown" value. (*See* DE no. 9, page 3 of 27.)

3. In section 74 of Debtor's Bankruptcy Schedule A/B, Debtor reported owning causes of action against third parties as follows: "Claims against Amazon Inc. which are the subject of Case No. 01-17-6003-2625 pending before the American Arbitration Association" with a reported "Unknown" value. Debtor described the nature of its claims as "Dispute regarding charges" and the amount requested as "$250,000.00." (*See* DE no. 9, p. 6 of 27.)

4. In section 7.1 of Debtor's Statement of Financial Affairs, Debtor reported a legal action in which it was involved as follows: "Pennies 2 Platinum, Inc. v. Amazon, Inc. 01-17-6003-2625." It further reported the nature of the case as "Overcharges," and the Court or agency's name as "American Arbitration Association" and the status of the case as "Pending." (*See* DE no. 9, p. 18 of 27.)

5. Debtor's Bankruptcy Petition was signed, under penalty of perjury, by Justin Ligeri as President of Debtor. (*See* DE no. 1, p. 4 of 4.)

6. Debtor's Bankruptcy Schedules were signed, under penalty of perjury, by Justin Ligeri as President of Debtor. (*See* DE no. 9, p. 1 of 27.)

7. Debtor's Statement of Financial Affairs was signed, under penalty of perjury, by Justin Ligeri as President of Debtor. (*See* DE no. 9, p. 5 of 27.)

8. The Trustee's investigation into this asset revealed that Debtor's claims in arbitration were initiated in Pennies2Platinum, Inc. f/k/a/ Yagoozon, Inc. v. Amazon Inc., Amazon Services, LLC and Amazon Payments, Inc. in Case No. 01-17-0003-2625-1-LT ("Arbitration Case").

9. The Trustee has been informed, by AAA, that Debtor deposited $57,200.00 with AAA in connection with the Arbitration Case and that, of that sum, $22,063.75 is refundable. (*See* emails attached hereto as Exhibits "A"-"D".)

10. The Trustee advised AAA (and the attorneys representing Amazon Inc., Amazon Services, LLC and Amazon Payments, Inc. ("Amazon")[1] that the Refundable Deposit was property of the Bankruptcy Estate pursuant to 11 U.S.C.§ 541(a). (*See* email attached hereto as Exhibit "E.")

11. In response to the email described in paragraph 10, *supra*, counsel for Amazon objected to any release present release of the Refundable Deposit, as follows:

> We are of course fine with the trustee receiving any information related to the status of these funds, but we want to ensure these funds are not prematurely refunded. The debtor initiated this arbitration and is obligated to pay its share of arbitration costs, per the parties' arbitration agreement. Amazon intends to pursue its counterclaims in this arbitration, and the time has not passed for Amazon to file its claim in the bankruptcy and seek relief from stay. If and when Amazon resumes pursuit of its counterclaims in the arbitration, the debtor will be responsible for paying its share of arbitration costs, and the deposits made to AAA are designed to cover those costs. Thus, no portion of the debtor's deposits to AAA should be refunded unless and until all deadlines have passed that would preclude Amazon from pursuing its claims.

(*See* email attached hereto as Exhibit "F.")

12. The next day, counsel for Amazon provided to counsel for the Trustee a copy of Amazon's *Second Amended Answer to Arbitration Demand and Counterclaims* dated July 30, 2018. (The Second Amended Answer was captioned as: Pennies2Platinum, f/k/a Yagoozon, Inc. (Claimant) v. Amazon Inc., Amazon Services LLC, and Amazon Capital Services, Inc.

---

[1] According to footnote one in *Amazon's Second Amended Answer to Arbitration Demand and Counterclaims*, Amazon Services, LLC, and not Amazon, Inc., is the proper respondent in the Arbitration Case.

3

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

(Respondents/counterclaimants) v. Pennies2Platinum, Inc., f/k/a Yagoozon, Inc., Pennies2Platinum Business Solutions, Inc., and Justin Nicola Ligeri (Counterclaim respondents.)

## II. LEGAL ANALYSIS

13. Pursuant to 11 U.S.C. § 541(a)(1), a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.

14. Pursuant to 11 U.S.C. § 542, all persons in possession of estate assets are required to turn over those assets, or the value of those assets, to the Trustee and under 11 U.S.C. § 543 any custodian of such property must turn over such property to the Trustee.

15. The Refundable Deposit is property of the Bankruptcy Estate, pursuant to 11 U.S.C. § 541(a). Amazon appears to suggest that it can force the Trustee to remain in the Arbitration Case which will result in the expenditure of the Refundable Deposit for expenses that will necessarily be incurred by AAA if the arbitration moves forward.

16. Amazon is incorrect. The Trustee does not intend to move forward in the Arbitration Case on the claims previously asserted by Debtor and Amazon has presented no authority under which it can force the Trustee to do so. If Amazon wishes to move forward with its counterclaims against Debtor, it can simply assert them in a proof of claim in the Bankruptcy Court. If, for some reason, the Trustee disputes the claims, or the amount of the claims, that can be determined in the Bankruptcy Court. (The only way Amazon can possibly recover on any prepetition debt owed to it by Debtor is by making a claim in the Debtor's bankruptcy case. Otherwise, prepetition debts are discharged, pursuant to 11 U.S.C. § 727(b) )

17. Even if Amazon successfully obtained stay relief to pursue its counterclaims in the Arbitration Case when the Trustee has decided not to defend against the claims in that forum, it would be patently inequitable for Amazon to force the use of Bankruptcy Estate property (*i.e.*, the

4

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Refundable Deposit) to subsidize the litigation (via payments to arbitrators) to the detriment of all the other creditors in the Bankruptcy Case. In fact, by using Bankruptcy Estate property for this purpose, Amazon would actually diminish the chances of any recovery on any claim it subsequently made in the Bankruptcy Case based upon any Arbitration award.

18. Accordingly, the Trustee requests an Order from this Court directing AAA to turn over to the Trustee the Refundable Deposit. In order to expedite the administration of this case, delivery of the Refundable Deposit is requested to be provided within ten (10) days of entry of an Order compelling turnover.

**WHEREFORE,** Trustee respectfully requests an order of this Court directing and compelling AAA to turn over the Refundable Deposit to the Trustee, within ten (10) days of the date the Order is entered, and for such other and further relief as is just and proper.

Respectfully submitted this 14th day of March, 2019.

**GUTTILLA MURPHY ANDERSON**

*/s/ Alisan M. B. Patten*
Alisan M. B. Patten
Attorneys for the Chapter 7 Trustee

Copy of the foregoing mailed,
and emailed where indicated,
on March 14, 2019, to:

Lance Tanaka
American Arbitration Association
16 Market Square
1400 16th Street, Suite 400
Denver, CO 80202
LanceTanaka@adr.org

American Arbitration Association
45 E. River Park Place West
Suite 308
Fresno, CA 93720

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

| | |
|---|---|
| 1 | American Arbitration Association |
| | 120 Broadway |
| 2 | 21st Floor |
| | New York, NY 10271 |
| 3 | |
| | Robert E. Miller and John Goldmark |
| 4 | Davis Wright Tremaine |
| | 777 108th Avenue NE |
| 5 | Suite 2300 |
| | Bellevue, WA 98004 |
| 6 | robertmiller@dwt.com |
| | johngoldmark@dwt.com |
| 7 | Attorneys for Amazon Inc., Amazon Services LLC and Amazon Capital Services, Inc. |
| 8 | Pennies2Platinum Business Solutions Inc. dba Pennies 2 Platinum, Inc. |
| | 7350 S. Kyrene Road, Suite 104 |
| 9 | Tempe, AZ 85283 |
| 10 | Julia Marie Williams |
| | Law Offices of Julia M. Williams |
| 11 | 5080 Shoreham Place, Suite 200 |
| | San Diego, CA 92122 |
| 12 | julia@juliawilliamslaw.com |
| | *Counsel for Debtor Pennies2Platinum Business Solutions, Inc., Yagoozon, Inc.* |
| 13 | |
| | Randy Nussbaum |
| 14 | Sacks Tierney P.A. |
| | 4250 North Drinkwater Blvd., Fourth Floor |
| 15 | Scottsdale, Arizona 85251-3647 |
| | randy.nussbaum@sackstierney.com |
| 16 | *Counsel for Pennies2Platinum Business Solutions, Inc., Yagoozon, Inc.* |
| 17 | Justin Ligeri |
| | 401 W. Baseline Road, Suite 108 |
| 18 | Tempe, AZ 85283 |
| 19 | Justin Ligeri |
| | 7350 S. Kyrene Road, Suite 104 |
| 20 | Tempe, AZ 85283 |
| 21 | Justin Ligeri |
| | 435 12th Street West, Ste. 111 |
| 22 | Bradenton, FL 34205 |
| 23 | / |
| | / / |
| 24 | |

**Guttilla Murphy Anderson, P.C.**
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

1 | Justin Ligeri
18633 San Rio Circle
2 | Lutz, FL 33549

3 | Office of the United States Trustee
230 N. First Ave., Suite 204
4 | Phoenix, AZ 85003-1706

5 | */s/ Karen Plum*

7 | 2695-001(361842)

7